UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN C. BROOK and MATTHEW
J. PEED,

       *Plaintiffs,*

v.

BRADLEY D. SIMON and SIMON &
PARTNERS, LLP,

       *Defendants.*

Civil Action 1:17-cv-6435(GBD)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
RECONSIDERATION OF DISMISSAL**

  Pursuant to Fed. R. Civ. P. 60 and Local R. Civ. P. 6.3, plaintiffs Brian C. Brook and Matthew J. Peed respectfully submit this Memorandum of Law in support of their Motion for Reconsideration of the Court's Memorandum Decision and Order dismissing the Complaint and the May 16, 2018 judgment. Plaintiffs respectfully request reconsideration of two matters: (1) the Court's dismissal of Peed's quasi-contract claim; and (2) the Court's directive to the clerk to close the case, if reopening the case is necessary to permit plaintiffs to file a motion to amend the Complaint pursuant to Fed. R. Civ. P. 15.

## ARGUMENT

### I. LEGAL STANDARD

  Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional

circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## II. PEED'S QUASI-CONTRACT CLAIM SHOULD BE REINSTATED

Peed's claim for *quantum meruit* was dismissed *solely* on the basis that he failed to allege the "reasonable value" of his services. Op. at 13. Although the Complaint alleges that the "full and fair value of the services [Peed] rendered…is $450 per hour, as billed to the Employer," Complaint ("Compl.") ¶ 116, the Court held that "Peed provides no *explanation* as to why such a rate would be reasonable." Op. at 13 (emphasis added).

Respectfully, the Court's conclusion that sufficiently alleging the "reasonable value" of services requires something more than simply stating the rate paid for those services by a third party – in this case a major company (Duane Reade, Inc.) – is clearly erroneous. Indeed, the Court's error is made manifest by the very case cited by the Court in its discussion of Peed's claims. In *Hajny v. Best Roofing of New Jersey, Inc.*, No. 11 CIV. 00173 LLS, 2011 WL 2493737 (S.D.N.Y. June 22, 2011), the court dismissed a claim for *quantum meruit* because the plaintiffs simply

2

alleged that they should be compensated "at a rate which constituted the reasonable value of their services," without specifying *any* such rate. *Id*. at *7. Noting that such a formulation was "vague and conclusory," *id*. (citation omitted), the court contrasted this empty invocation of the element's language with the claims in another case, *Intellectual Capital Partner v. Institutional Credit Partners LLC*, No. 08 Civ. 10580(DC), 2009 WL 1974392 (S.D.N.Y. July 8, 2009). In that case, the *Hanjy* court explained, "the plaintiff *did* allege the reasonable value of its services: the plaintiff claimed it was entitled to a share of the fees the defendant received from a transaction, and that *those fees represented the reasonable value of its services*." *Hanjy*, 2011 WL 2493737, at *7 (emphasis added). The *Hanjy* court approved of this formulation, *id.*, as did the court in *Intellectual Capital Partner*, 2009 WL 1974392 at *8. Thus, the very case law relied upon by the Court supports the definition of "reasonable value" alleged in the Complaint here, *i.e.*, the amount of fees paid for the services at issue by a third party to the defendant.[1] *See* Compl. ¶ 116.

Moreover, even if the Complaint made no reference to specific fees, the fact that the services at issue in the Complaint were *legal* services provides an independent basis for the sufficiency of the allegations in the Complaint. Under New York law, the reasonable value of legal services on a *quantum meruit* basis is a

---

[1] Indeed, unlike the shared fee arrangement in *Intellectual Capital Partner*, *all* of the $450/hour paid to Simon for Peed's services was for Peed's work alone. Thus, in citing the fees specifically paid by Duane Reade for Peed's services, the Complaint provides an even clearer basis for the reasonable value of Peed's services than the shared fees approved of in *Intellectual Capital Partner*.

3

function of a multifactor test involving "the difficulty of the matter, the nature and extent of the services rendered, the time reasonably expended on those services, the quality of performance by counsel, the qualifications of counsel, the amount at issue, and the results obtained." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 148 (2d Cir. 1998) (citing *Spano v. Scott*, 166 A.D.2d 917, 561 N.Y.S.2d 678 (4th Dep't 1990)). Thus, a complaint need only allege that legal services were provided and the general nature and extent of those services, so that the value of the services may be determined at trial under the multifactor test.

Since the Complaint here involves the provision of legal services generally, and specifically involves services actually paid for by a third party at a rate of $450/hour, the Complaint more than adequately pleads the reasonable value of Peed's services. *Hanjy*, 2011 WL 2493737, at *7; *Intellectual Capital Partner*, 2009 WL 1974392 at *8. Accordingly, the Court's dismissal of Peed's quasi-contract claim on this basis should be reconsidered and reversed.[2]

### III. THE COURT SHOULD REOPEN THE CASE TO PERMIT A MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Based on the Court's May 14 Decision, plaintiffs have substantially completed a First Amended Complaint addressing the pleading deficiencies identified by the Court, which they intend to submit with a motion for leave to amend. Under the Rules, there does not appear to be a specific deadline for filing a

---

[2] Notably, this issue was never raised by the Defendants in their opposition papers, so permitting reconsideration of this issue would not impermissibly "revisit arguments that have already been presented before the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)

4

motion to amend, although as a practical matter here, it must be submitted before the appeal deadline.

But because this Court did not set a deadline for submitting amended pleadings, and instead directed the Clerk to proceed to close the case, plaintiffs respectfully request reconsideration of that direction to the Clerk. Plaintiffs believe that Rule 15 of the Federal Rules of Civil Procedure permits the filing of a motion for leave to amend irrespective of the directive to the Clerk, but plaintiffs make this request in an abundance of caution.

In a nutshell, plaintiffs seek leave to amend because the Court's opinion demonstrated that there were a number of factual allegations that the original Complaint had failed to accurately convey, and numerous areas where additional factual detail could have easily corrected the deficiencies identified by the Court. Under Rule 15, leave to amend is to be "freely" given, Fed. R. Civ. P. 15(a)(2), and "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith," *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993). Since the Court directed the case to be closed, however, plaintiffs respectfully request that the Court reconsider its directive to the Clerk to the extent that the Court believes it is necessary to entertain plaintiffs' forthcoming motion for leave to amend.

5

Dated: May 30, 2018                    Respectfully submitted,


                                       /s/ *Rhett O. Millsaps II*
                                       Rhett O. Millsaps II (RM-1336)
                                       745 Fifth Avenue, Suite 500
                                       New York, NY 10151
                                       Tel: (646) 535-1137
                                       Fax: (646) 355-2816
                                       rhett@rhettmillsaps.com

                                       *Attorney for Plaintiffs*