UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
BRIAN C. BROOK, MATTHEW J. PEED, and
BROOK & ASSOCIATES, PLLC

                                 Plaintiffs,

-against-

BRADLEY D. SIMON and SIMON & PARTNERS,
LLP,

                                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MEMORANDUM DECISION
AND ORDER

17 Civ. 6435 (GBD)

GEORGE B. DANIELS, United States District Judge:

Before this Court are Plaintiffs' and Defendants' partial motions for reconsideration of this Court's September 29, 2020 decision dismissing certain claims in Plaintiffs' first amended complaint ("FAC").[1] (*See* Notice of Mot. for Partial Recons., ECF No. 74; Notice of Mot., ECF No. 76.) The factual and procedural background of this case has been discussed at length in this Court's prior decisions, with which familiarity is assumed. (*See* Mem. Decision and Order ("First Dismissal Order"), ECF No. 26, at 2–7; Mem. Decision and Order ("Second Dismissal Order"), ECF No. 69, at 1–3.) Such background is incorporated by reference herein.

Plaintiffs request reconsideration of this Court's decision to dismiss Plaintiff Brian C. Brook's claims for breach of contract, promissory estoppel, breach of the implied covenant of good faith and fair dealing, violation of New York Labor Law § 193, and fraudulent misrepresentation, and Plaintiff Matthew J. Peed's claim for breach of contract. (Mem. in Supp. of Pls.' Mot. for

---

[1] Defendants also move to strike portions of Plaintiffs' briefing that serve as a reply in support of Plaintiffs' partial motion for reconsideration. (Letter dated November 18, 2020, ECF No. 81; Mot., ECF No. 83.) Defendants argue that this reply was untimely filed. Defendants' motion is DENIED. This Court has appropriately considered all of the arguments presented by the parties on their motions for reconsideration.

Partial Recons. ("Pls.' Recons. Brief"), ECF No. 75.) Defendants request reconsideration of this Court's decision to not dismiss Defendant Bradley D. Simon and Plaintiffs' claim under New York Labor Law §195(1)(a). (Mem. of Law in Supp. of Defs.' Mot. for Partial Recons. ("Defs.' Recons. Brief"), ECF No. 77.) Both motions are DENIED.

## I. LEGAL STANDARD

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Indeed, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

## II. PLAINTIFFS' MOTION FOR RECONSIDERATION IS DENIED

Plaintiffs allege that in dismissing certain of Plaintiffs' claims, this Court "mistakenly relied on its prior" decision denying Plaintiffs' Rule 60(b) motion to set aside this Court's judgment dismissing the original complaint. (Pls.' Recons. Brief at 1.) Plaintiffs argue that because the Second Circuit vacated this Court's prior judgment, "this Court's decision not to grant post-judgment relief was rendered a nullity, and thus not something upon which this Court should

2

further rely." (*Id.*) Plaintiffs also contend that this Court "overlooked the fact that its Rule 60(b) Order was decided in a procedural posture that required it to view Plaintiffs' claims more skeptically than a court considering a Rule 12(b)(6) motion." (*Id.*) Finally, Plaintiffs take issue with this Court's discussion of Rule 15(a) and the fact that this Court did not give Plaintiffs leave to file an amended complaint with claims previously found to be inadequate that were unaddressed by the Circuit on appeal. (*Id.* at 5–6.) Plaintiffs argue that such a discussion violated the "mandate rule," (*id.*), which "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate," *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (quoting *Yick Man Mui v. United States,* 614 F.3d 50, 53 (2d Cir. 2010)).[2]

Plaintiffs make too much of this Court's reference to its Rule 60(b) decision in the Second Dismissal Order. Contrary to Plaintiff's assertions, this Court did not say its Rule 60(b) decision was controlling law in this case. Instead, this Court appropriately recognized that the Second Circuit dismissed Plaintiffs' appeal of this Court's Rule 60(b) decision as moot and explicitly declined to opine on the sufficiency of the allegations in the proposed amended complaint addressed in that decision. (Second Dismissal Order at 2–3.) In dismissing the claims at issue, this Court simply made reference to its analysis of the futility of the claims in Plaintiffs' previously proposed amended complaint that were duplicative of those in Plaintiffs' now-filed FAC. (*Id.* at 8–9.) This Court considered these claims on the merits and dismissed them for the same reasons that it previously determined them to be futile. (*Id.*)

---

[2] Plaintiffs also take issue with this Court's reasons for dismissing Brook's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraudulent misrepresentation. (Pls.' Recons. Brief at 9–11.) Plaintiffs' objections amount to a disagreement with this Court's analysis, which is not an appropriate ground for reconsideration.

3

Plaintiffs' contention that the procedural posture of this Court's Rule 60(b) decision rendered any analysis therein inapplicable to a motion pursuant to Rule 12(b)(6) is similarly without merit. Though the standard governing a motion under Rule 60(b) is strict, the futility analysis this Court conducted was done in accordance with the principles of Rule 12(b)(6). *See Sahni v. Staff Att'ys Ass'n*, No. 14 Civ. 9873 (NSR), 2018 WL 654467, at *7 (S.D.N.Y. Jan. 30, 2018) (quoting *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)) ("A proposed amendment is futile if it 'could not withstand a motion to dismiss pursuant to Rule 12(b)(6).'").

Finally, Plaintiffs concerns regarding the "mandate rule" and this Court's discussion of Rule 15(a) are misplaced. Even if the Second Circuit's opinion can be construed to direct this Court to provide Plaintiffs with an opportunity to amend their complaint without limitation, this Court's analysis in the Second Dismissal Order did not hinge on this procedural issue. This Court found that the FAC did not adequately allege the claims at issue and dismissed them on the merits. (Second Dismissal Order at 9.)

## III.  DEFENDANTS' MOTION FOR RECONSIDERATION IS DENIED

Defendants argue that this Court overlooked the pleading requirements for an alter-ego claim in declining to dismiss Simon as a defendant at this stage of the proceedings.[3] (Defs.' Recons. Brief at 1–2.) Generally, "piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Morris v. New York State Dep't of Tax'n & Fin.*, 82 N.Y.2d 135, 141 (1993). This Court's analysis appropriately tracked these requirements. First, this Court noted

---

[3] Defendants also ask this Court to reconsider its decision to not dismiss Plaintiffs' claim under New York Labor Law § 195(1)(a). (Defs.' Recons. Brief at 2.) Specifically, Defendants argue that Plaintiffs abandoned this claim by failing to oppose that portion of Defendants' motion seeking its dismissal. (*Id.*) This Court declines to dismiss Plaintiffs' claim on these procedural grounds.

4

that Plaintiffs allege Simon was the sole equity partner of Simon & Partners, LLP ("S&P") and received millions of dollars in distributions from S&P that exceeded reasonable compensation for his services. (Second Dismissal Order at 8 n.3.) Such allegations are sufficient to support the claim that Simon dominated S&P. Second, this Court identified Plaintiffs' allegation that Simon's distributions dating to June 2012 failed to leave sufficient funds in S&P to pay debts to Brook and Peed. (*Id.*) Plaintiffs also allege that Simon was aware that they were attempting to recover just compensation for their services as early as June 2012. (*See, e.g.,* FAC ¶¶ 162–165.) Defendants' alleged undercapitalization of S&P, while aware that Plaintiffs were disputing their compensation is sufficient to meet the nexus requirement of the second prong of the *Morris* standard. *See TNS Holdings, Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 340 (1998) (noting that the second prong includes misuse of the corporate form for personal ends "so as to commit a fraud or wrongdoing or avoid any . . . obligations.") To be sure, whether Plaintiffs can ultimately prove their allegations is still to be determined. Nonetheless, Plaintiffs have sufficiently alleged facts that, accepted as true, allow their alter-ego claim to survive the pleading stage.

## IV. CONCLUSION

Defendants' motion to strike portions of Plaintiffs' briefing that serve as a reply in support of Plaintiffs' partial motion for reconsideration, (ECF No. 83), is DENIED.

Plaintiffs' motion for reconsideration of this Court's decision to dismiss Plaintiff Brian C. Brook's claims for breach of contract, promissory estoppel, breach of the implied covenant of good faith and fair dealing, violation of New York Labor Law § 193, and fraudulent misrepresentation, and Plaintiff Matthew J. Peed's claim for breach of contract, (ECF No. 74), is DENIED.

Defendants' motion for reconsideration of this Court's decision to not dismiss Defendant Bradley D. Simon and Plaintiffs' claim under New York Labor Law §195(1)(a), (ECF No. 76), is DENIED.

The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
      March 9, 2021

SO ORDERED.

GEORGE B. DANIELS
United States District Judge